†GEORGE WEISER v. THE BROADWAY & NEWBURGH STREET RAILROAD COMPANY.

1. COMPETENCY OF DECLARATIONS MADE BY INJURED PARTY AT TIME OF ACCIDENT.

In an action to recover for personal injuries, evidence as to what the injured party said, at the time, indicating his pain, in the usual way, is admissible, but what he said, at the time of the accident, as to how it occurred, is not competent and should not be admitted.

2. BURDEN OF PROOF WHERE TESTIMONY OF INJURED PARTY DISCLOSES CONTRIBUTORY NEGLIGENCE.

If, in such an action, the testimony of the party injured discloses negligence on his own part, contributing to the injury, he cannot recover, unless, by his own testimony, he relieves himself of the burden thus cast upon him.

3. DEGREE OF CARE TO BE EXERCISED IN ALL KINDS OF BUSINESS.

Although the degree of care to be exercised in different kinds of business should be increased in different cases owing to the character of the business and the surrounding circumstances, yet only ordinary care is required; and although the amount of care in perilous kinds of business should be increased, the standard always remains the same.

4. DUTY OF TRAVELER IN CROSSING RAILROAD TRACK.

It is not negligence *per se*, if a traveler in crossing a railroad track fails to stop, look and listen; but it is his duty to use his senses to look and listen.

5. RIGHTS OF STREET RAILWAYS IN AND TO THE STREETS THROUGH WHICH THEIR LINES EXTEND.

Street railway companies have no rights in the streets of a municipality through which their lines extend, that are superior to the rights of the public therein; but their rights are only equal to those of the public.

JENNER, J. (orally.)

The case of *Weiser* v. *The Broadway & Newburgh Street Railroad Company*, on error from the court below, was an action to recover for personal injuries alleged to have been sustained by the plaintiff below through the negligence of the railroad company.

He avers, in substance, that upon the 7th day of August, 1891, the railroad company was engaged in operating its railroad by electricity. On that day, traveling along one of the streets of the city of Cleveland, attempting to cross the track laid in one of the streets, and while using due care, the railrod company, by its agents, operating the car, ran against his wagon, and by reason of which he was injured and damaged to the extent set forth in his amended petition.

The railroad company by its answer: *First*, denies generally the averments in the amended petition; *Second*, they aver contributory negligence on the part of the plaintiff below.

The questions that rise are, first, as to the exclusion of certain testimony appearing in the record, on page 168. But the main question arises on the charge of the court to the jury.

The questions that arose on the exclusion of evidence came up in this form:

† Judgment in this case was affirmed by the supreme court, without report, 56 O. S., 742.

The defendant below read the deposition of a certain witness who had been with the plaintiff, or near to him, at the time of the alleged injury. In reading the deposition in chief these questions were omitted: "What, if anything, did you hear Mr. Weiser say prior to the accident about his health?" "I did not hear him say anything about his health." "Did you hear him complain any prior to the accident?"—there is an objection there. "I heard him complain a little." "What did he say?" "He said his head was hurt by the car." Those questions were omitted in reading the deposition in chief. Then the plaintiff below objected to the omission of those questions, and offered to read them on his own behalf, in chief, and the court held that if the questions were proper he should not be precluded from so using them.

We do not know of any rule of evidence that would justify these questions being read in evidence. The only material question of the three is the last: "What did he say?" "He said his head was hurt by the car." That is after the accident, detailing what occurred.

We understand the rule to be that where a party is injured, and in the usual way indicates the pain he suffers—that goes in—the ordinary witness may detail that, but the witness cannot detail the accident as to how it happened, and by so doing have that related to the jury as affirmative testimony. That does not strengthen his case. The testimony as to how the accident occurred must be submitted to the jury by witnesses who were present and who saw it.

We can see in one way in which the evidence might have been competent. Suppose the boy—this was a young boy, it seems—suppose the boy had detailed the facts in a certain way and contrary to his answer here; then by attempting to impeach him, by way of rebuttal, it might have gone to the jury—otherwise not.

The main question arises here on the charge of the court. It is a long charge, and all I need to say, probably, is the conclusions we have arrived at—it is not necessary to read it at any length.

The legal questions involved have been so often adjudicated by the Supreme Court of our own state, as to the degree of care that must be exercised, and as to where the burden of proof is—the books are full of it in our own state—it isn't necessary to go outside. We are cited here to the Elliott case, in which it is laid down as a rule that where a traveler on the highway, passing over a railroad crossing where he has an opportunity of seeing whether the roadway is clear—it is in daylight and he could see by looking—and he fails to do that, even though the railroad company neglected the usual statutory signal, by bell or whistle, that does not excuse the traveler from looking; that is, using his senses; that is the idea that runs clear through these decisions—the traveler is expected to use his senses of hearing and sight, in order to protect himself from accident. Of course, there is a duty devolves upon the railroad company. The employees of the railroad company, taking into consideration all the circumstances, must use ordinary care. There are three exceptions—I might turn to those, they are brief. Exceptions to the charge—it is put in this form:

"Whereupon plaintiff excepted to that portion of the charge of the court relating to the question of negligence on the part of defendant and what constitutes the same; also the instructions relating to contributory negligence; also instructions relating to the burden of proof."

Now, I may say here as to the burden of proof, the trial judge put the rule in the ordinary way, that the plaintiff must by a preponderance of the evidence establish his case. He must do that by a preponderance of proof—he used that language substantially.

Next, this question. This is one of the objections made to the charge. The court charges substantially that if in the testimony of the plaintiff below he disclosed negligence on his part contributing to this injury, then that would defeat his recovery unless he by his own testimony relieved himself of the burden so cast upon him. It is said that was erroneous. I might call attention to one

authority on that question, 35th Ohio State, 627, and I will only read a line or two: "If the plaintiff's own testimony in support of his cause of action, raises a presumption of such contributory negligence, the burden rests upon him to remove that presumption." The court, not in that language, but in substance, charged that proposition, and he has this authority for it. That is the rule.

Next, as to the degree of care. The court went on at some length to show what care Weiser should use and what care the railroad company should use. The manner in which he put that is objected to, and exception noted. It is said that this was a very dangerous business, and that therefore the railroad company should have exercised a very high degree of care. That is true, and yet after all the degree of care was only ordinary care under the circumstances of that particular case. The degree of care may be increased in different cases owing to the character of the surrounding circumstances. But it is always ordinary care, how men ordinarily would act under the circumstances of that particular case. The court substantially charged the rule as laid down in the leading case, 8th Ohio State, 582, the Terry case—it is a leading case on that subject, often cited by trial judges: "It is obvious from this definition that the ordinary care required by the rule has not only an absolute but a relative significance. It is to be such care as prudent persons are accustomed to exercise, under the peculiar circumstances of each case. If called into exercise under circumstances of peculiar peril, a greater amount of care is required than where the circumstances are less perilous; because prudent and careful persons, having in view the object to be attained, and the just rights of others, are in such cases accustomed to exercise more care than in cases less perilous. The amount of care is indeed increased, but the standard is still the same." That is the rule, and it is the rule as charged by the trial judge.

There is one part of this charge that we will refer to, that we don't understand the judge quite as counsel who argued the case seemed to understand him—that is, we understood counsel to say that the court had read from the Pennsylvania authority, and stated that it was an unvarying rule that the traveler in attempting to cross a highway, or a street railway crossing or a railroad track, must always stop, look and listen. Well, if the court so charged, we think that would have been error. We do not find it in the charge that way. He says it is his duty to use his senses, to look and listen. Our books are full of that, but we do not understand it to be a rule of law that it is negligence *per se*, if the traveler fails to stop and look and listen.

There is one proposition in the charge that we cannot indorse, but counsel have not excepted to it. We do not want it understood that we indorse it, and that is this, which seems to have been read from some book:

"There is this distinction to be observed between steam railroads and street railways. In the case of the former they have the exclusive right to the use of their tracks at all times and for all purposes except at road crossings. Street railways have not this exclusive right. Their tracks are used in common by their cars and the traveling public. While this common use is conceded and is unavoidable in towns and cities, the railway companies and the public have not equal rights. Those of the railway companies are superior. Their cars have the right of way, and it is the duty of the citizen, whether on foot or in vehicles, to give unobstructed passage to the cars." Now, that is not the law. They haven't any superior rights. They have equal rights, and only equal rights. The street car companies that run their lines through the streets of the city of Cleveland only have equal rights with the traveler. They both are required to exercise ordinary care. But, as we say, counsel did not object to that, and we think if the attention of the court had been called to it, he would have corrected it, and for that reason it would not be proper for this court to reverse the case for this error, so we will have to affirm it.

*John O. Winship*, for Plaintiff.

*Pinney & Norton*, for Defendant.